## MICHAEL PARROTT *v.* COMMISSIONER OF CORRECTION
### (AC 27573)

DiPentima, Lavine and West, Js.

Argued February 13—officially released April 22, 2008

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *James E. Thomas*, former state's attorney, and *Anne F. Mahoney*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Michael Parrott, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying

his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal and that it improperly rejected his claims that his trial counsel provided ineffective assistance by failing (1) to locate a crucial witness and (2) to file a motion to suppress the identification testimony of the victim. We dismiss the petitioner's appeal.

The petitioner was convicted, after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2), and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c. The petitioner was sentenced to a total effective term of twenty-seven years imprisonment. He subsequently filed with this court a direct appeal from his conviction, which was transferred to our Supreme Court. *State* v. *Parrott*, 262 Conn. 276, 811 A.2d 705 (2003). The petitioner's conviction was affirmed. On April 25, 2005, the petitioner filed an amended petition for a writ of habeas corpus, alleging that his trial counsel, attorney Gerald M. Klein, had rendered ineffective assistance in several respects. Following a habeas trial, the court rejected the petitioner's ineffective assistance of counsel claims and denied the petition. Subsequently, the court also denied the petition for certification to appeal. This appeal followed.

We begin by setting forth the standard of review and legal principles that guide our resolution of this appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v.

*Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington,* [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

. . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . Accordingly, a court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim. (Citations omitted; internal quotation marks omitted.) *J.R.* v. *Commissioner of Correction*, 105 Conn. App. 827, 830–32, 941 A.2d 348, cert. denied, 286 Conn. 915, 945 A.2d 976 (2008). Having set forth the applicable legal principles, we now address the petitioner's claims in turn.

I

The petitioner first claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claim that he received ineffective assistance of counsel as a result of Klein's failure to locate a crucial witness. Specifically, he argues that Klein failed to pursue the possible testimony of J. I. Whitaker, a friend of the petitioner, and the brother of the petitioner's girlfriend, who would have confirmed the petitioner's alibi defense. We are not persuaded.

The following facts are relevant to the resolution of the petitioner's claims. At the habeas trial, the petitioner testified regarding what he had told Klein, prior to the criminal trial, about the night in question. He testified that he had told Klein that on the evening of July 2, 1998, and early morning of July 3, 1998, after the victim had dropped him off on Enfield Street in Hartford, he remained outside on Enfield Street for about one hour or so, then "went to [his] home on Magnolia Street where [Whitaker] was residing at the time, and [they] walked—because his father was looking for him, [the petitioner] brought him to his sister's house so that they could be more comfortable, knowing where he really was." At the habeas trial, Klein also testified that he had not heard of Whitaker prior to the habeas trial and

that he did not recognize the police report in which the petitioner had mentioned Whitaker. Furthermore, Klein testified that the petitioner had told him, prior to the criminal trial, that he was with his girlfriend at the time of the shooting and that she would testify as to that alibi. Finally, Klein testified that the petitioner's girlfriend did not have a criminal record, had a job and made a nice appearance. As a result, Klein had the petitioner's girlfriend testify regarding the petitioner's alibi.

Whitaker also testified at the habeas trial. He stated that if he had been interviewed by anyone working for the petitioner's defense, he "would have told them that [he] and [the petitioner were] at [his] sister's house that night—that morning, rather." He also testified that at the time of the petitioner's criminal trial, he was on probation for two prior felonies and that while he was incarcerated, he received two tickets for giving false information. Finally, Whitaker testified that he did not attend the petitioner's criminal trial or his sentencing hearing.

The habeas court found that the petitioner did not demonstrate that any prejudice resulted from Klein's failure to locate Whitaker or to call him to the witness stand. The court found that Whitaker's testimony "would have been cumulative to that of his sister . . . and on top of that would have been subject to what promised to be devastating cross-examination as to his credibility. The decision not to call . . . Whitaker was sound because his testimony may well have proved more hurtful than helpful."

After reviewing the record, we agree with the court that the petitioner failed to demonstrate that any prejudice resulted from Klein's failure to locate Whitaker or to call him to the witness stand. There was ample evidence in the record, as indicated previously, to enable the court to conclude that no prejudice resulted

from failing to have Whitaker testify. As a result, the petitioner did not demonstrate that the resolution of the underlying claim involved issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Because the petitioner did not demonstrate any of these criteria, he failed to prove that the court abused its discretion in denying the petition for certification to appeal with respect to the claim that he received ineffective assistance of counsel due to Klein's failure to locate a crucial witness.

## II

The petitioner next claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claim that he received ineffective assistance of counsel as a result of Klein's failure to file a motion to suppress the identification testimony of the victim. We are not persuaded.

The following additional facts are relevant to our disposition of the petitioner's claim. In the direct appeal, the jury reasonably could have found that on the evening of July 2, 1998, the petitioner, armed with a pistol and intending to commit robbery, entered the home of the victim, Fred Anderson, after having driven around with the victim and another individual, Juan Maldonado, earlier that evening selling drugs. The victim recognized the voice and the body build of his assailant as belonging to the petitioner, whom the victim had known for approximately ten years and with whom he earlier had spent the evening. The petitioner had fled the victim's house before the police arrived, but when they arrived, the victim told an officer that it was the petitioner who had shot him. *State* v. *Parrott*, supra, 262 Conn. 279–81.

At the habeas trial, Klein testified regarding his reasons for not filing a motion to suppress the victim's

identification testimony. When asked, Klein responded that "it was my impression that the [petitioner] had admitted [that] he was with the victim earlier in the evening. I think it came out at trial . . . that they knew each other for a significant period of time and, as you know, even if a lineup or a photo array is impermissibly suggestive, an in-court identification could still be made if it's not directly a result of the impermissibly suggestive photo . . . array. . . . He knew him, he was with him earlier in the evening, and it just didn't seem to be the type of case where that would be appropriate or useful in any way." Klein, therefore, stated that he thought that filing a motion to suppress the victim's identification testimony would be futile. The petitioner also called an expert in trial practice and criminal defense to testify at the habeas trial. The expert testified that he could not state that failing to file a motion to suppress in the petitioner's case "would necessarily [have been] an improper tactical decision."

The court found that the petitioner did not demonstrate prejudice with respect to this claim. The court concluded that "while it is true that the trial defense counsel did not file the motion to suppress the photographic lineup, there is no proof at the habeas trial that such a motion had any chance, much less a reasonable probability, of success. Even if this court assumes that the failure to file the motion was deficient performance, the petitioner fails badly on the prejudice prong of *Strickland*." Furthermore, in a footnote, the court added that it was clear that Klein had a "sound tactical reason for not filing such a motion. . . . No grounds have been put forth that would even justify a decision to file such a motion. Indeed, given the record in this case, it would have been arguably unethical for [attorney] Klein to have filed the motion since it would appear to be frivolous."

We agree with the court that the petitioner did not meet his burden of proof with respect to the prejudice prong of the *Strickland* test. After reviewing the record, we conclude that the petitioner did not present any proof at the habeas trial that Klein's failure to file a motion to suppress the victim's identification testimony caused any prejudice to the petitioner. In light of the foregoing conclusions, the petitioner did not demonstrate that the resolution of the underlying claim involved issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Thus, we conclude that the petitioner failed to prove that the court abused its discretion in denying the petition for certification to appeal with respect to the claim that he received ineffective assistance of counsel due to Klein's failure to file a motion to suppress the identification testimony of the victim.

The appeal is dismissed.

In this opinion the other judges concurred.