# SUPREME COURT OF THE UNITED STATES

## ALASKA *v.* SEAN WRIGHT

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 20–940.   Decided April 26, 2021

PER CURIAM.

In 2009, an Alaska jury convicted Sean Wright of 13 counts of sexual abuse of a minor. See *State* v. *Wright*, 404 P. 3d 166, 170 (Alaska 2017). Wright finished serving his sentence in Alaska in 2016, and shortly thereafter he moved to Tennessee. Once there, he failed to register as a sex offender as required by federal law. See Sex Offender Registration and Notification Act, 120 Stat. 591, 593, 34 U. S. C. §§20911, 20913. Wright pleaded guilty to one count of failure to register, see 18 U. S. C. §2250(a), and ultimately received a sentence of time served along with five years of supervised release. See Judgment in *United States* v. *Wright*, No. 1:17–cr–00112, ECF Doc. No. 66 (ED Tenn.).

During the course of those federal proceedings, Wright filed a petition for a writ of habeas corpus in the United States District Court for the District of Alaska pursuant to 28 U. S. C. §§2241 and 2254. He argued that the Alaska Supreme Court had unreasonably applied clearly established federal law when it denied his Sixth Amendment claims and affirmed his 2009 state conviction and sentence. The District Court denied the motion on the threshold ground that Wright was not "in custody pursuant to the judgment of a State court." §2254(a). Noting that a proper motion under §2254(a) requires more than merely being "in custody" *somewhere*, the court reasoned that "the proper procedure for Wright to challenge his current federal custody would be a motion filed in the Eastern District of Tennessee pursuant to 28 U. S. C. §2255." App. to Pet. for Cert. 16a.

The Court of Appeals reversed. In its view, Wright's state conviction was "'a necessary predicate'" to his federal conviction, 819 Fed. Appx. 544, 545 (CA9 2020) (quoting *Zichko* v. *Idaho*, 247 F. 3d 1015, 1019 (CA9 2001)), so Wright was in fact in custody pursuant to the judgment of a state court. The panel declined to assess the District Court's view that §2255, rather than §2254, provided the proper route for Wright to challenge his current custody. 819 Fed. Appx., at 546, n. 1. One judge concurred and asserted that §2254 was the proper mechanism "because Wright is not attacking the constitutionality of his federal conviction for failing to register as a sex offender in Tennessee; he is collaterally attacking the constitutionality of his predicate Alaska conviction for sexual abuse of a minor." *Id.,* at 546.

The Court of Appeals clearly erred. Section 2254(a) permits a federal court to entertain an application for a writ of habeas corpus on behalf of a person "in custody pursuant to the judgment of a State court." In *Maleng* v. *Cook*, 490 U. S. 488 (1989) (*per curiam*), we held that a habeas petitioner does not remain "in custody" under a conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.,* at 492; see also *id.,* at 490 (noting the "in custody" requirement appears in both §§2241(c)(3) and 2254(a)). It made no difference, we said, that the possibility of a prior-conviction enhancement had materialized for the habeas petitioner in that case: "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.,* at 492–493.

That Wright's state conviction served as a predicate for his federal conviction thus did not render him "in custody pursuant to the judgment of a State court" under §2254(a). If Wright's second conviction had been for a state crime, he independently could have satisfied §2254(a)'s "in custody"

requirement, see *Lackawanna County District Attorney* v. *Coss*, 532 U. S. 394, 401–402 (2001), though his ability to attack the first conviction by that means would have been limited, see *id.,* at 402–404. Wright could not satisfy §2254(a) on that independent basis for the simple reason that his second judgment was entered by a federal court.

\*  \*  \*

We express no view on the other theories Wright advanced before the District Court for meeting the requirements of §2254(a). We grant the petition for a writ of certiorari, vacate the judgment of the United States Court of Appeals for the Ninth Circuit, and remand the case to that court for further proceedings consistent with this opinion.

*It is so ordered.*