ROBERT GOGUEN *v.* COMMISSIONER
OF CORRECTION
(SC 20482)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Keller, Js.*

*Syllabus*

In accordance with this court's decision in *Simms* v. *Warden* (230 Conn. 608),
    when a habeas court denies certification to appeal from its judgment
    or ruling, a petitioner may obtain appellate review only if he or she
    demonstrates, first, that the habeas court's denial of the petition for
    certification to appeal constituted an abuse of discretion and, second,
    that the habeas court's judgment or ruling should be reversed on its
    merits.

The self-represented petitioner, who had been convicted in 1996, pursuant
    to a guilty plea, of sexual assault in the second degree, sought a writ
    of habeas corpus, claiming that he should be allowed to withdraw that
    plea. The petitioner's prison sentence and period of probation imposed
    in connection with his 1996 conviction had concluded before he filed
    his habeas petition. At the time he filed his habeas petition, however,
    he was incarcerated in Maine because of a violation of the conditions
    of supervised release that were imposed as a result of a 2012 conviction
    under federal law for failing to register as a sex offender, a requirement
    that was imposed on the basis of his 1996 conviction. The habeas court
    declined to issue the writ for lack of jurisdiction and rendered judgment
    thereon, concluding that the petitioner was not in the custody of the
    respondent, the Commissioner of Correction, as a result of the 1996
    conviction when he filed his habeas petition. The petitioner filed a
    petition for certification to appeal from the habeas court's judgment

* This case originally was argued before a panel of this court consisting
of Chief Justice Robinson and Justices McDonald, D'Auria, Kahn, Ecker and
Keller. Thereafter, Justice Mullins was added to the panel and has read the
briefs and appendices, and listened to a recording of the oral argument
prior to participating in this decision.

341 Conn. 508      FEBRUARY, 2022      509

Goguen *v.* Commissioner of Correction

pursuant to statute (§ 52-470 (g)), which the habeas court denied, and the petitioner appealed to the Appellate Court. In his Appellate Court brief, the petitioner claimed that the habeas court had incorrectly determined that he was not in the custody of the respondent and that he should be allowed to withdraw his 1996 guilty plea because it was made unintelligently and involuntarily. The petitioner did not allege that the habeas court had abused its discretion in denying his petition for certification to appeal and did not ask the Appellate Court to construe his argument on the merits as a demonstration of the habeas court's abuse of discretion in denying the petition for certification. The Appellate Court dismissed the petitioner's appeal, concluding that the petitioner failed to brief the threshold issue of whether the habeas court had abused its discretion in denying his petition for certification to appeal. On the granting of certification, the petitioner appealed to this court. *Held*:

1. The Appellate Court properly dismissed the petitioner's appeal from the habeas court's judgment on the ground that the petitioner failed to allege or demonstrate in his brief submitted to the Appellate Court that the habeas court had abused its discretion in denying his petition for certification to appeal; to obtain appellate review when a habeas court denies a petition for certification to appeal, the petitioner must at least allege that the habeas court had abused its discretion in denying his or her petition for certification to appeal, either by expressly arguing specific reasons why the habeas court abused its discretion in denying certification or by expressly alleging that his or her argument on the merits demonstrates an abuse of discretion, and there is no exception to such requirement for self-represented petitioners, as to hold otherwise would render both § 52-470 (g) and the two part showing required by *Simms* meaningless.

2. To ensure that the courthouse doors are not shut on potentially meritorious claims as a result of a technicality or an understandable ignorance of procedures, this court exercised its supervisory authority to direct that the Judicial Branch's Notice of Appeal Procedures (Habeas Corpus) form be revised to include language that explicitly describes the requirement that a petitioner expressly claim in his or her appellate brief that the habeas court abused its discretion when it denied his or her petition for certification to appeal and explain how that discretion was abused.

3. Even if the Appellate Court had considered the petitioner's arguments regarding the merits of his claim that the habeas court incorrectly determined that he was not in the respondent's custody when he filed his habeas petition, those arguments did not support the petitioner's claim, made for the first time in his appeal to this court, that the habeas court had abused its discretion in denying his petition for certification to appeal: contrary to the petitioner's claim, the United States Supreme Court's decision in *Lackawanna County District Attorney* v. *Coss* (532 U.S. 394) does not permit a habeas petitioner to file a habeas petition that solely and directly challenges a conviction for which the petitioner

Goguen *v.* Commissioner of Correction

is no longer serving the sentence imposed in connection with that conviction; moreover, the petitioner was not in custody for his 1996 conviction on the ground that he was required to register as a sex offender as a result of that conviction, as the sex offender registration requirement is remedial rather than punitive and, therefore, was not a part of his sentence but was a collateral consequence of his conviction, which generally is insufficient to satisfy the requirement that a habeas petitioner be in custody for purposes of filing a habeas petition.

Argued March 24—officially released December 23, 2021**

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, rendered judgment declining to issue a writ of habeas corpus; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to the Appellate Court, *DiPentima, C. J.*, and *Alvord* and *Moll, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Robert Goguen*, self-represented, the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, was *David S. Shepak*, former state's attorney, for the appellee (respondent).

*Opinion*

MULLINS, J. The issue before us in this certified appeal is whether the Appellate Court properly dismissed the appeal of the petitioner, Robert Goguen, from the judgment of the habeas court on the ground that he failed in his brief to the Appellate Court to brief the claim that the habeas court had abused its discretion in denying his petition for certification to appeal pursu-

** December 23, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

Goguen *v.* Commissioner of Correction

ant to General Statutes § 52-470 (g).[1] The petitioner, proceeding as a self-represented party, filed a petition for a writ of habeas corpus challenging his 1996 conviction, pursuant to a guilty plea, of sexual assault in the second degree. The habeas court declined to issue the writ for lack of jurisdiction on the ground that the petitioner was not in the custody of the respondent, the Commissioner of Correction. The petitioner then filed a petition for certification to appeal to the Appellate Court pursuant to § 52-470 (g), which the habeas court denied.

Notwithstanding that ruling, the petitioner appealed to the Appellate Court, challenging the merits of the habeas court's ruling declining to issue the writ of habeas corpus. *Goguen* v. *Commissioner of Correction*, 195 Conn. App. 502, 503, 225 A.3d 977 (2020). The Appellate Court dismissed the appeal on the ground that the petitioner failed to brief any claim that the habeas court had abused its discretion in denying his petition for certification to appeal. See id., 505. This court then granted the petitioner's petition for certification to appeal from the judgment of the Appellate Court on the following issue: "Did the Appellate Court properly dismiss the self-represented petitioner's appeal because he failed to brief whether the habeas court had abused its discretion in denying his petition for certification to appeal?" *Goguen* v. *Commissioner of Correction*, 335 Conn. 925, 234 A.3d 980 (2020).

[1] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

Goguen *v.* Commissioner of Correction

Our task in this appeal is to harmonize the legislative mandate of § 52-470 (g) that no appeal may be taken from a habeas court's judgment unless certification is granted with this court's interpretation of that statute in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994) (*Simms II*), which provides guidance on the procedure to be followed when a habeas court denies certification to appeal. In light of the statutory requirement, we explained in *Simms II* that, if a habeas court denies certification to appeal, a petitioner may obtain review only if he makes a "two part showing" on appeal: first, as a threshold matter, he must "demonstrate that the habeas court's ruling constituted an abuse of discretion," and, second, "[i]f the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id. What *Simms II* leaves unclear is what exactly is required of an appellant to satisfy the threshold showing of an abuse of discretion before plenary review of the merits by a reviewing court is warranted.

As we discuss more fully in this opinion, the Appellate Court has concluded in several cases that the petitioner can satisfy the threshold requirement by expressly alleging in his brief that the arguments on the merits of the appeal demonstrate that the habeas court abused its discretion in denying the petition for certification to appeal. Conversely, the Appellate Court has held that, when a petitioner fails to expressly allege or brief that the denial of certification was an abuse of discretion and simply briefs the merits of his underlying claim without any reference to the requirement of *Simms II*, the petitioner's appeal must be dismissed. See part I of this opinion.

We conclude that, in order to make sense of the statutory requirement and *Simms II*, a petitioner must at least expressly allege and explain in his brief how

Goguen *v.* Commissioner of Correction

the habeas court abused its discretion in denying certification. We recognize, just as the Appellate Court has, that this may be done by expressly referring the reviewing court to the portion of the brief addressing the merits of the appeal and pointing out that, if the appeal is successful on the merits, then an abuse of discretion necessarily has been demonstrated. The petitioner must at least do that, however, in order to comply with the statute and *Simms II.*

The petitioner may not simply disregard the requirement of *Simms II* and brief only the merits of the underlying claim without any effort to comply with the "two part showing" required by *Simms II*, which includes the discrete question of whether the habeas court abused its discretion in denying certification. *Simms* v. *Warden*, supra, 230 Conn. 612. In this appeal, the petitioner never expressly alleged that the habeas court abused its discretion in denying certification to appeal. He argued only that the habeas court erred in declining to issue the writ. Accordingly, the Appellate Court's dismissal of his appeal appropriately adheres to the dictates of § 52-470 (g) and *Simms II* and its progeny, and must be affirmed.

The record reveals the following undisputed facts and procedural history. In 1996, the petitioner was convicted, after entering a guilty plea, of sexual assault in the second degree in violation of General Statutes (Rev. to 1995) § 53a-71 (a) (3). The petitioner was sentenced on October 25, 1996, to ten years in prison, execution suspended after four years, and five years of probation. Thereafter, in 1998, the legislature passed legislation, now codified at General Statutes § 54-250 et seq., requiring persons who have been convicted of certain sexual offenses, including the petitioner's offense, to register as sex offenders. See Public Acts 1998, No. 98-111. The legislation applied to the petitioner because he was released from prison after its effective date.

Goguen *v.* Commissioner of Correction

On April 11, 2017, the petitioner, proceeding as a self-represented party, filed a petition for a writ of habeas corpus, claiming, among other things, that he should be allowed to withdraw his 1996 guilty plea because, due to ineffective assistance of his counsel, his plea had not been made voluntarily. Specifically, he alleged that, while he was residing in Maine in 2012, he was convicted under federal law of failing to register as a sex offender—a requirement imposed as the result of his 1996 Connecticut conviction.[2] He further alleged that, as of the date he filed his habeas petition, he was incarcerated as a result of violating the conditions of supervised release that were imposed on him under federal law as a result of the federal 2012 conviction.

Pursuant to Practice Book § 23-24 (a),[3] the habeas court declined to issue a writ for lack of jurisdiction because, at the time that the petitioner filed the petition, he was no longer in the custody of the respondent as a result of the 1996 conviction.[4] Although the habeas court did not elaborate on its basis for this determination,[5] it is undisputed that neither the petitioner's term

_____

[2] Neither party has briefed the various state and federal laws that required the petitioner to register as a sex offender while he was residing in Maine in 2012; and we do not address that issue, as it is not relevant to the issues before us on appeal.

[3] Practice Book § 23-24 (a) provides in relevant part: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction . . . ."

[4] Thereafter, the petitioner filed a "brief and memorandum of law to support consideration for authority to act and amended request to vacate." The habeas court apparently treated this motion as a motion for reconsideration of its ruling declining to issue a writ, and it granted the motion but denied the requested relief. The petitioner then filed an "amended request to vacate." The habeas court took no action on that motion but referred the parties to its ruling denying the relief requested by the petitioner in his initial motion.

[5] The habeas court issued a summary two sentence order indicating that it was declining to issue a writ of habeas corpus because the petitioner was not in custody.

Goguen *v.* Commissioner of Correction

of incarceration nor his term of probation for the 1996 conviction was in effect on the date that he filed his petition for a writ of habeas corpus. The petitioner filed a petition for certification to appeal from the habeas court's judgment pursuant to § 52-470 (g), which the habeas court denied.

Despite the denial of his petition for certification, the petitioner appealed to the Appellate Court from the habeas court's judgment declining to issue a writ of habeas corpus.[6] In his brief to that court, the petitioner did not allege that the habeas court had abused its discretion in denying his petition for certification to appeal. He also did not ask the Appellate Court to construe his argument on the merits as a demonstration of the habeas court's abuse of discretion.

Instead, the petitioner claimed only that the habeas court had incorrectly determined that he was not in the custody of the respondent and that he should be allowed to withdraw his 1996 guilty plea because it was unintelligently and involuntarily made.[7] The respondent contended in his brief that the habeas court had not abused

---

[6] The petitioner was initially represented by counsel on appeal. Before the petitioner filed his brief with the Appellate Court, his counsel filed a motion for leave to withdraw as appellate counsel pursuant to Practice Book §§ 43-34 and 62-9 (d), and *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), which the habeas court granted. In a handwritten ruling granting that motion, the habeas court indicated that "[s]entences that are completely served cannot be attacked through habeas corpus simply because a later sentence was enhanced because of the previous conviction. *Maleng* v. *Cook*, 490 U.S. 488, 491–93 [109 S. Ct. 1923, 104 L. Ed. 2d 540] (1989); *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 510–12 [876 A.2d 1178] (2005) [overruled in part on other grounds by *State* v. *Elson*, 311 Conn. 726, 91 A.3d 862 (2014)]. Nor is the state's sex offender registration requirement part of the criminal sentence or judgment of conviction. *State* v. *Waterman*, 264 Conn. 484, 488–90 [825 A.2d 63] (2003). Therefore, the petitioner's claims lack any legal merit and are entirely frivolous."

[7] After the petitioner filed his initial appellant's brief, he filed an amended brief in which he raised substantially similar arguments.

Goguen *v.* Commissioner of Correction

its discretion in denying the petitioner's petition for certification to appeal and that it had properly declined to issue the writ.

The Appellate Court noted in a per curiam opinion that, under *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994) (*Simms I*), the petitioner was required, as a threshold matter on appeal, to "demonstrate that the denial of his petition for certification constituted an abuse of discretion." (Internal quotation marks omitted.) *Goguen* v. *Commissioner of Correction*, supra, 195 Conn. App. 504. The Appellate Court further noted that, to establish such an abuse of discretion, the petitioner was required to demonstrate that the habeas court's resolution of the underlying claim involved issues that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id.; see, e.g., *Simms* v. *Warden*, supra, 230 Conn. 616 (same). Finally, the Appellate Court noted that it had held previously that, "[i]f this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by [the Appellate] [C]ourt." (Internal quotation marks omitted.) *Goguen* v. *Commissioner of Correction*, supra, 504. Because the petitioner had failed to brief this threshold issue, the Appellate Court declined to review the merits of the petitioner's claims and dismissed the appeal.[8] Id., 505.

The petitioner then filed a motion for reconsideration in which he claimed that the habeas court had abused its discretion when it denied his petition for certification

---

[8] Although the Appellate Court stated that the petitioner had failed to "brief" the claim that the habeas court abused its discretion when it denied his petition for certification to appeal; *Goguen* v. *Commissioner of Correction*, supra, 195 Conn. App. 505; there is no dispute that the petitioner failed even to make an allegation to that effect.

Goguen *v.* Commissioner of Correction

to appeal. In support of this claim, the petitioner argued the merits of his underlying claim that the habeas court had incorrectly determined that he was not in the respondent's custody. The Appellate Court denied the motion.

This certified appeal followed. On appeal to this court, the petitioner contends that his argument in his brief to the Appellate Court concerning the merits of his underlying claim that the habeas court incorrectly determined that it lacked jurisdiction to entertain his habeas petition because he was not in the respondent's custody "inherently demonstrate[s] that the habeas court [had] abused its discretion in . . . denying the petition for [certification to appeal]." He further contends that, because he was proceeding as a self-represented party, the Appellate Court should have liberally construed his brief on the merits as demonstrating that the habeas court had abused its discretion in denying his petition for certification for appeal, even though he had not expressly made that allegation. Accordingly, he argues, the Appellate Court incorrectly determined that he was not entitled to review of his claims on appeal.

The respondent contends that, to the contrary, the Appellate Court correctly determined that it had no authority to entertain the merits of the petitioner's appeal under § 52-470 (g), as that statute was construed by this court in *Simms I* and *Simms II*. Specifically, the respondent argues that, under *Simms II*, the petitioner must "make a *two part* showing" when the habeas court has denied his petition for certification to appeal. (Emphasis added; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 612. To allow a petitioner to ignore the threshold requirement of demonstrating that the habeas court abused its discretion when it denied the petition for certification, the respondent argues, would entirely eviscerate the mandate of

Goguen *v.* Commissioner of Correction

§ 52-470 (g) that "[n]o appeal from the judgment rendered in a habeas corpus proceeding . . . may be taken unless the appellant" petitions the habeas court for certification to appeal and the habeas court grants the petition. We conclude that the Appellate Court properly declined to review the petitioner's claims and dismissed the appeal.

I

Whether the Appellate Court had the authority to review the petitioner's claims on appeal from the judgment of the habeas court when he failed even to allege that the habeas court had abused its discretion in denying his petition for certification to appeal pursuant to § 52-470 (g) is a question of statutory interpretation over which we exercise plenary review. See, e.g., General Statutes § 1-2z (plain meaning rule); *Canty* v. *Otto*, 304 Conn. 546, 557–58, 41 A.3d 280 (2012) (general rules of construction are aimed at ascertaining legislative intent).

In *Simms I*, this court first considered the question of whether a habeas petitioner may seek appellate review of an adverse judgment of the habeas court under § 52-470 (g) when the habeas court has denied the petition for certification to appeal. See *Simms* v. *Warden*, supra, 229 Conn. 179. In that case, the habeas court dismissed the petition of the petitioner, Floyd Simms, and denied his petition for certification to appeal. Id., 179–80. The majority further determined in dictum, however, that General Statutes (Rev. to 1993) § 52-470 (b), now § 52-470 (g), did not provide that the habeas court's "denial of the requisite certification is final and dispositive." Id., 188. Rather, the majority construed the statute "to permit a disappointed habeas corpus litigant to invoke appellate jurisdiction[9] for ple-

---

[9] This court in *Simms I* assumed that General Statutes (Rev. to 1993) § 52-470 (b), now § 52-470 (g), implicated the appellate *jurisdiction* of the reviewing court. See *Simms* v. *Warden*, supra, 229 Conn. 186–87 (when petitioner appeals from judgment of habeas court after petition for certification has been denied, "the first issue for the appellate tribunal will necessarily

nary review of the decision of the habeas court upon
carrying the burden of persuasion that denial of certifi-
cation to appeal was an abuse of discretion or that
an injustice appears to have been done.''[10] (Footnote
added.) Id., 189.

In *Simms II*, this court elaborated on the abuse of
discretion standard that it had adopted in *Simms I*.
Relying on the decision of the United States Supreme
Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S.
Ct. 860, 112 L. Ed. 2d 956 (1991), a majority of this court
concluded that a petitioner can satisfy the abuse of
discretion standard by ''demonstrating . . . that the
issues are debatable among jurists of reason; that a
court *could* resolve the issues [in a different manner];
or that the questions are adequate to deserve encourage-
ment to proceed further.'' (Emphasis in original; inter-
nal quotation marks omitted.) *Simms* v. *Warden*, supra,
230 Conn. 616.

Thus, we explained in *Simms II* that a habeas peti-
tioner whose petition for certification to appeal pursu-
ant to § 52-470 (g) has been denied must ''make a two

be whether it has jurisdiction to hear the appeal''). The court later clarified
in *Simms II* that, in enacting the statute, ''the legislature intended the
certification requirement only to define the scope of our review and not to
limit the jurisdiction of the appellate tribunal.'' *Simms* v. *Warden*, supra,
230 Conn. 615.

[10] Justice Borden authored a concurring opinion in *Simms I*, in which he
opined that the majority's conclusion that a disappointed habeas litigant
could still receive plenary review after certification is denied by the habeas
court ''could well eviscerate the limitations contained in [General Statutes
(Rev. to 1993)] § 52-470 (b)'' and render the denial of the petition for certifica-
tion ''an empty gesture . . . .'' *Simms* v. *Warden*, supra, 229 Conn. 191–92
(*Borden, J.*, concurring). Justice Borden also opined that it was unlikely
''that the 'threshold' issue [of whether the habeas court abused its discretion
in denying the petition for certification] will be a jurisdictional issue that
we will be able to dispose of prior to hearing the appeal on its merits. Unlike
a question of whether an appeal was timely, a question of whether the
habeas court abused its discretion requires an examination of the merits.''
Id., 192 (*Borden, J.*, concurring).

Goguen *v.* Commissioner of Correction

part showing'' to prevail on appeal. Id., 612. First, the petitioner must ''demonstrate that the habeas court's ruling constituted an abuse of discretion.'' Id. Second, ''[i]f the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits.'' Id.; see, e.g., *McClain* v. *Commissioner of Correction*, 188 Conn. App. 70, 74, 204 A.3d 82 (''a petitioner can obtain appellate review of the dismissal of his petition for [a writ of] habeas corpus only by satisfying the two-pronged test enunciated by [the court] in [*Simms I*], and adopted in [*Simms II*]'' (internal quotation marks omitted)), cert. denied, 331 Conn. 914, 204 A.3d 702 (2019).

The Appellate Court has recognized on several occasions that, ''[i]n determining whether the habeas court abused its discretion in denying the petitioner's request for certification, [the court] necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous.'' (Internal quotation marks omitted.) *McClain* v. *Commissioner of Correction*, supra, 188 Conn. App. 75; see, e.g., *Mercado* v. *Commissioner of Correction*, 183 Conn. App. 556, 562, 193 A.3d 671 (''[w]e examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal'' (internal quotation marks omitted)), cert. denied, 330 Conn. 918, 193 A.3d 1211 (2018); *Brown* v. *Commissioner of Correction*, 179 Conn. App. 358, 364, 179 A.3d 794 (same), cert. denied, 328 Conn. 919, 181 A.3d 91 (2018); *Parrott* v. *Commissioner of Correction*, 107 Conn. App. 234, 236, 944 A.2d 437 (same), cert. denied, 288 Conn. 912, 954 A.2d 184 (2008); *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 424, 876 A.2d 1277 (same), cert. denied, 275 Conn. 930, 883

341 Conn. 508    FEBRUARY, 2022    521

Goguen *v.* Commissioner of Correction

A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).[11]

Nevertheless, the Appellate Court has also dismissed appeals repeatedly from decisions of the habeas court on the ground that the petitioner has failed to brief, i.e., allege and demonstrate, that the habeas court abused its discretion in denying the petition for certification to appeal. See, e.g., *Cordero* v. *Commissioner of Correction*, 193 Conn. App. 902, 902–903, 215 A.3d 1282 (dismissing appeal on ground that "petitioner neither alleged nor briefed [claim] that habeas court abused its discretion when it denied petition for certification to appeal"), cert. denied, 333 Conn. 944, 219 A.3d 374 (2019); *Thorpe* v. *Commissioner of Correction*, 165 Conn. App. 731, 733, 140 A.3d 319 (dismissing appeal on ground that "petitioner did not allege that the habeas court's denial of his petition for certification to appeal constituted an abuse of discretion until he filed his reply brief"), cert. denied, 323 Conn. 903, 150 A.3d 681 (2016); *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 8, 790 A.2d 463 (dismissing appeal because petitioner failed to allege that habeas court's failure to grant certification to review denial of his petition constituted abuse of discretion), cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002); *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477–78, 722 A.2d 286 (1999) (dismissing appeal because petitioner claimed only ineffective assistance of counsel and did not brief question

_____

[11] The Appellate Court expressly noted in *McClain* v. *Commissioner of Correction*, supra, 188 Conn. App. 72, *Mercado* v. *Commissioner of Correction*, supra, 183 Conn. App. 558, *Brown* v. *Commissioner of Correction*, supra, 179 Conn. App. 363, and *Parrott* v. *Commissioner of Correction*, supra, 107 Conn. App. 237, that the petitioners raised the threshold claim that the habeas court had abused its discretion when it denied their petitions for certification to appeal. There is no indication in *Santiago* v. *Commissioner of Correction*, supra, 90 Conn. App. 420, that the petitioner did not raise that claim.

Goguen *v.* Commissioner of Correction

of whether habeas court had abused its discretion in denying petition for certification to appeal).

We conclude that the fact that the Appellate Court may consider the merits of the petitioner's appeal in determining whether the habeas court abused its discretion when it denied the petition for certification does not mean that the petitioner can fail entirely to address that threshold issue and still obtain appellate review. This court made clear in *Simms I* that *only* by "carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that an injustice appears to have been done" can a petitioner overcome the mandate of § 52-470 (g) that "[n]o appeal from the judgment rendered in a habeas corpus proceeding . . . may be taken" unless the habeas court grants the petitioner's petition for certification to appeal. *Simms* v. *Warden*, supra, 229 Conn. 189. In *Simms II*, we held that a petitioner can satisfy this burden *only* "by demonstrating . . . [1] that the issues are debatable among jurists of reason; [2] that a court *could* resolve the issues [in a different manner]; or [3] that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616.

A conclusion that a habeas petitioner whose petition for certification to appeal has been denied need not even allege that the habeas court abused its discretion when it denied the petition for certification to appeal, but may obtain appellate review if he briefs only the merits of his underlying claims, would, as Justice Borden predicted in his concurring opinion in *Simms I*, "eviscerate the limitations contained in § 52-470 [g]. In effect, the denial of the petition for certification could become an empty gesture, because one does not need to be prescient to foresee that every disappointed habeas petitioner could, once his petition for certification is denied, file or perfect a direct appeal under the same

Goguen *v.* Commissioner of Correction

statute.'' *Simms* v. *Warden*, supra, 229 Conn. 192 (*Borden, J.*, concurring).

Accordingly, we conclude that, although the burden of obtaining appellate review of the threshold question under *Simms* and its progeny is minimal, the petitioner must at least *allege* that the habeas court abused its discretion in denying the petition for certification to appeal. The petitioner may satisfy this requirement in at least two ways.

First, the petitioner may strictly comply with the two part showing required by *Simms II* and expressly argue specific reasons why the habeas court abused its discretion in denying certification. Second, the petitioner may expressly allege that his argument on the merits demonstrates an abuse of discretion. In this second way, the petitioner at least points the court to its merits discussion and argues that its merits discussion satisfies the first prong of *Simms II*. What the petitioner cannot do is completely ignore the requirements of *Simms II* by briefing only the merits of the underlying claim. Permitting appellants to bypass the *Simms II* requirements would be inconsistent with the legislative intent of reducing the burden on the appellate system. See id., 182 (noting that ''the manifest intention of the legislature, when it enacted § 52-470 [g], [was] to limit the opportunity for plenary appellate review of decisions in cases seeking postconviction review of criminal convictions'').[12]

_____

[12] The petitioner in the present case makes no claim that, even if he did not allege that the habeas court abused its discretion when it denied his petition for certification to appeal, the Appellate Court should have reviewed the merits of his claim on appeal because, otherwise, an injustice would occur. See *Simms* v. *Warden*, supra, 229 Conn. 189 (habeas petitioner can obtain appellate review of claims despite habeas court's denial of petition for certification to appeal if petitioner carries ''burden of persuasion that denial of certification to appeal was an abuse of discretion or that an injustice appears to have been done''). We further note that this court in *Simms II* gave no indication that the court in *Simms I* had recognized two distinct paths to appellate review if a petition for certification has been denied,

Goguen *v.* Commissioner of Correction

We further conclude that there is no exception to the requirement that a habeas petitioner must expressly allege that the habeas court abused its discretion in denying the petition for certification to appeal when the petitioner is self-represented. "We are mindful that we should be solicitous to [self-represented] petitioners and construe their pleadings liberally in light of the limited legal knowledge they possess. . . . We are also mindful, however, that the right of self-representation provides no attendant license not to comply with the relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 140, 7 A.3d 911 (2010). It is beyond cavil that a self-represented habeas petitioner cannot simply ignore the statutory mandate of § 52-470 (g) that he file a petition for certification to appeal before the Appellate Court can review the habeas court's rulings. If the petition is denied, the petitioner is on notice that, at least as the default rule, he is not entitled to appellate review of his claims unless he demonstrates that the habeas court abused its discretion in denying certification.

We do not think that it imposes an undue burden on self-represented habeas petitioners to require them at least to allege that they are entitled to appellate review because the habeas court abused its discretion in denying the petition for certification to appeal. Indeed, self-represented petitioners have shown themselves capable of satisfying this requirement. See, e.g., *Joyce* v. *Commissioner of Correction*, 129 Conn. App. 37, 38, 19 A.3d 204 (2011) (self-represented habeas petitioner claimed that habeas court abused its discretion when it denied

namely, (1) demonstrating an abuse of discretion, or (2) demonstrating that an injustice appears to have been done. See id. Rather, the court appears to have assumed that the "injustice appears to have been done" prong was essentially a reframing of the abuse of discretion prong. Because the issue has not been raised in the present case, we express no opinion on the matter.

Goguen *v.* Commissioner of Correction

petition for certification to appeal); *Jolley* v. *Commissioner of Correction*, 98 Conn. App. 597, 597, 910 A.2d 982 (2006) (same), cert. denied, 282 Conn. 904, 920 A.2d 308 (2007); see also, e.g., *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 139, 958 A.2d 790 (2008) (self-represented habeas petitioner claimed that habeas court "abused its discretion by refusing to rule on his petition for certification to appeal"), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009).

We conclude, therefore, that the Appellate Court properly dismissed the petitioner's appeal in the present case on the ground that he failed to demonstrate that the habeas court abused its discretion. Specifically, he failed to expressly allege that the court had erred in denying his petition for certification to appeal. In reaching this conclusion, we are mindful that this requirement may—not entirely without justification—be viewed as a mere technicality because, as the Appellate Court has recognized repeatedly, in many cases, there is considerable, if not complete, overlap between the first and second prongs of the "two part showing" required by *Simms II*. *Simms* v. *Warden*, supra, 230 Conn. 612. If the statutory mandate of § 52-470 (g) is to retain any force at all, however, a petitioner whose petition for certification to appeal has been denied must at least expressly allege that the denial was an abuse of discretion to obtain appellate review.

Allowing a petitioner to bypass completely any allegation that the habeas court abused its discretion would render a duly enacted statute meaningless, which we are not at liberty to do. It would also render the *Simms* two part test meaningless, given that a denial of certification would be treated no differently from a grant of certification; i.e., in either scenario, all that is required would be to brief solely the merits of the underlying claim.

Goguen *v.* Commissioner of Correction

II

Having reached this conclusion, however, we recognize that the requirement that a habeas petitioner expressly claim in his appellate brief that the habeas court abused its discretion when it denied his petition for certification, although clearly imposed under our precedent, may be viewed as a technical trap for the unwary. Because the failure to make such a claim results in the dismissal of the appeal, we feel that clearer guidance is in order.

Accordingly, to ensure that the courthouse doors are not shut on potentially meritorious claims as the result of a technicality or an understandable ignorance of procedures,[13] we exercise our supervisory powers to direct that Part I of Judicial Branch Form JD-CR-84, Rev. 1-21, entitled Notice of Appeal Procedures (Habeas Corpus), be revised to include the following language: "If the habeas court denies your petition for certification to appeal, you can appeal from that ruling. You must *expressly* claim in your appellate brief that the habeas court abused its discretion when it denied the petition for certification to appeal and explain how that discretion was abused. To establish that the habeas court abused its discretion, you must demonstrate that (1) the issues that you seek to raise on appeal are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions deserve encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). *If you do not expressly claim in your brief that the habeas court abused its discretion when it denied your petition for certification, your appeal will be dismissed.*"

In addition, we direct that Part II of the form be revised to include the following language after "[t]he

---

[13] We conclude in part III of this opinion that the petitioner's claims in the present case lack merit.

Goguen *v.* Commissioner of Correction

[p]etition for [c]ertification is denied'': ''You have the right to challenge this ruling by filing an appeal with the Appellate Court. Any such appeal must comply with the procedures set forth in Part I of this form for appealing from the denial of a petition for certification or it will be dismissed.''

III

We further conclude that, even if the Appellate Court had considered the arguments the petitioner made in his Appellate Court brief on the merits of his claim that the habeas court incorrectly determined that he is not in the custody of the respondent, those arguments do not support his claim, made for the first time in his appeal to this court, that the habeas court had abused its discretion when it denied his petition for certification to appeal. The petitioner made two arguments in support of his claim that he is in custody for purposes of his habeas petition.

First, he contended that his claims come within an exception to the custody requirement set forth in *Lackawanna County District Attorney* v. *Coss*, 532 U.S. 394, 399, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), that, according to the petitioner, ''allows a petitioner to collaterally attack an expired conviction, so long [as] the expired conviction affected guilt or the . . . sentence'' that the petitioner is currently serving. Second, he contended that he was in custody pursuant to his 1996 conviction because he is required to register as a sex offender on the basis of that conviction. Neither claim has any merit.[14]

_____

[14] We further note that the petitioner did not raise either claim in his habeas petition. A liberal reading of his postjudgment pleadings in the habeas court, however, reveals that he did attempt to raise these claims at that time. See, e.g., *Kaddah* v. *Commissioner of Correction*, supra, 299 Conn. 140 (''we should be solicitous to [self-represented] petitioners and construe their pleadings liberally in light of the limited legal knowledge they possess''). Moreover, we may review unpreserved claims when the party raising the claim is unable to prevail. See, e.g., *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 157–58, 84 A.3d 840

Goguen *v.* Commissioner of Correction

General Statutes § 52-466 (a) (1) provides in relevant part that "[a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty." It is well established that, for a court to have jurisdiction to entertain a habeas petition seeking to challenge the legality of a criminal conviction, the petitioner must be in the custody of the respondent *as the result of that conviction* at the time that the petition is filed. See, e.g., *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 698, 6 A.3d 52 (2010) ("in order to satisfy the custody requirement of § 52-466, the petitioner [must] be in *custody on the conviction under attack* at the time the habeas petition is filed" (emphasis in original; internal quotation marks omitted)); *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 548, 911 A.2d 712 (2006) (habeas court lacked subject matter jurisdiction over petitioner's habeas petition because he was not in custody on expired convictions that petition sought to attack); *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 530–31, 876 A.2d 1178 (2005) (petitioner whose sentence for conviction that was under attack had expired was not in custody for purposes of § 52-466), overruled in part on other grounds by *State* v. *Elson*, 311 Conn. 726, 91 A.3d 862 (2014); see also, e.g., *Maleng* v. *Cook*, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (under federal statutes governing writs of habeas corpus, petitioner must "be in custody under the conviction or sentence under attack at the time his petition is filed" (internal quotation marks omitted)).

In *Lackawanna County District Attorney* v. *Coss*, supra, 532 U.S. 394, the United States Supreme Court

(2014) (unpreserved claim is reviewable when record is adequate for review, review cannot result in unfair prejudice to any party, and party raising claim cannot prevail).

Goguen *v.* Commissioner of Correction

held that, if a conviction that is no longer subject to direct or collateral attack "is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a [habeas] petition . . . on the ground that the prior conviction was unconstitutionally obtained." Id., 403–404. The court recognized three exceptions to this general rule for cases in which "the prior conviction [that was] used to enhance the sentence was obtained [when] there was a failure to appoint counsel in violation of the [s]ixth [a]mendment"; id., 404; the petitioner "[cannot] be faulted for failing to obtain timely review of a constitutional claim"; id., 405; and the petitioner obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. The court observed that, "[i]n such situations, a habeas petition *directed at the enhanced sentence* may effectively be the first and only forum available for review of the prior conviction." (Emphasis added.) Id., 406.

Thus, the court in *Lackawanna County District Attorney* "merely went beyond the jurisdictional question presented in *Maleng* to consider the extent to which *the* [*prior expired*] *conviction itself* may be subject to challenge *in the attack* [*on*] *the* [*current*] *senten*[*ce*] which it was used to enhance." (Emphasis in original; internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction,* supra, 274 Conn. 527. The court in *Lackawanna County District Attorney* did *not* permit the filing against a government official who no longer has custody of the petitioner of a habeas petition that directly and solely challenges the conviction for which the petitioner is no longer serving the sentence. See *Lackawanna County District Attorney* v. *Coss,* supra, 532 U.S. 401; see also, e.g., *Alaska* v. *Wright,* U.S. , 141 S. Ct. 1467, 1468, 209 L. Ed. 2d 431 (2021) (petitioner who was no longer serving sentence for state

conviction and who was in federal custody as result of federal conviction predicated on state conviction was not in custody for purposes of federal habeas statute requiring that petitioner be "in custody pursuant to the judgment of a [s]tate court" (internal quotation marks omitted)); *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 547–48 (because habeas petitioner did not challenge conviction for which he was currently in custody but directly challenged convictions for which he was no longer in custody, *Lackawanna County District Attorney* did not support claim that habeas court had jurisdiction). We therefore reject the petitioner's claim in the present case that *Lackawanna County District Attorney* supports his claim that the habeas court incorrectly determined that he was not in the respondent's custody and, in turn, that the court abused its discretion when it denied the petitioner's petition for certification to appeal from its ruling to that effect.

We also are not persuaded by the petitioner's claim that, contrary to the habeas court's determination, he is in the respondent's custody pursuant to the 1996 conviction because he is required to register as a sex offender as a result of that conviction.[15] This court has held that the statutory sex offender registration requirements are remedial and not punitive in nature. See, e.g.,

---

[15] The petitioner included in his pleadings to the habeas court a form prepared by the Connecticut Department of Public Safety indicating that he would be required to register as a sex offender "for the period of ten years following the date of his or her release . . . or until otherwise released from such obligation in accordance with [Public Acts 1999, No. 99-183, § 6] . . . ." The petitioner alleged in his pleadings that he had been informed during the 2012 federal court proceedings on charges that he had failed to register that he was required under Connecticut law to register for the remainder of his lifetime. As we indicated, neither party has briefed the state and federal law governing the petitioner's current obligation to register as a sex offender. We assume, for purposes of this portion of the opinion, however, that the petitioner was subject to the registration requirement at the time he filed his habeas petition. We note that the respondent does not claim otherwise.

Goguen *v.* Commissioner of Correction

*State* v. *Waterman*, 264 Conn. 484, 497, 825 A.2d 63
(2003) (because sex offender registration statute is reg-
ulatory and not punitive in nature, application of statute
to defendant "did not necessitate any modification,
opening or correction of [his] sentence"); *State* v. *Kelly*,
256 Conn. 23, 90–95, 770 A.2d 908 (2001) (because sex
offender registration statute "is regulatory and not puni-
tive in nature," retroactive application of statute to
defendant did not violate ex post facto clause of federal
constitution). Thus, the requirement that the petitioner
register as a sex offender is a collateral consequence of
his 1996 conviction, not part of the sentence. Collateral
consequences of a conviction generally are not suffi-
cient to satisfy the condition that a habeas petitioner
must be in custody. See, e.g., *Maleng* v. *Cook*, supra,
490 U.S. 492 ("once the sentence imposed for a convic-
tion has completely expired, the collateral conse-
quences of that conviction are not themselves sufficient
to render an individual 'in custody' for the purposes of
a habeas attack [on] it" under federal habeas law);
*Lebron* v. *Commissioner of Correction*, supra, 274
Conn. 530 ("[l]ike the federal courts . . . our courts
have never held that the collateral consequences of a
conviction that expired *before the habeas petition was
filed* are sufficient to render a petitioner in custody on
the expired conviction within the meaning of § 52-466"
(emphasis in original; internal quotation marks omit-
ted)).

Consistent with this principle, the great majority of
the federal courts that have considered the issue have
concluded that the fact that a petitioner is subject to
a state sex offender registration statute is not sufficient
to satisfy the requirement under federal habeas law that
he must be in custody when he files the petition. See,
e.g., *Clark* v. *Oklahoma*, 789 Fed. Appx. 680, 682, 684
(10th Cir. 2019) (habeas court properly denied petition
for certificate to appeal from decision dismissing

Goguen *v.* Commissioner of Correction

habeas petition because requirement under Oklahoma law that petitioner register as sex offender as result of Oklahoma conviction did not satisfy condition of federal statute that petitioner, who was incarcerated in Texas as result of Texas conviction, must be in custody for conviction being challenged when habeas petition is filed); *Hautzenroeder* v. *DeWine*, 887 F.3d 737, 743–44 (6th Cir. 2018) (because restrictions imposed by Ohio sex offender registration statute were collateral consequences of conviction, notwithstanding fact that Ohio Supreme Court had found statute to be punitive in nature, petitioner, who was no longer serving sentence for conviction, was not in custody for purposes of federal habeas statute); *Wilson* v. *Flaherty*, 689 F.3d 332, 338 (4th Cir. 2012) (requirements under Virginia law and Texas law that petitioner whose sentence had expired register as sex offender as result of Virginia conviction were collateral consequences of conviction and, therefore, did not satisfy custody requirement of federal habeas statute), cert. denied, 570 U.S. 917, 133 S. Ct. 2853, 186 L. Ed. 2d 909 (2013); *Virsnieks* v. *Smith*, 521 F.3d 707, 720–21 (7th Cir.) (when petitioner's only potentially viable claim in habeas proceeding involved application of Wisconsin sex offender registration statute, petitioner was not in custody for purposes of federal habeas statute, even though he was currently incarcerated as result of underlying conviction, because registration requirements were collateral consequences of conviction), cert. denied, 555 U.S. 868, 129 S. Ct. 161, 172 L. Ed. 2d 117 (2008); *Williamson* v. *Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (because restrictions imposed by Washington sex offender registration statute were collateral consequences of conviction, petitioner, who was no longer serving sentence, was not in custody for purposes of federal habeas statute), cert. denied, 525 U.S. 1081, 119 S. Ct. 824, 142 L. Ed. 2d 682 (1999); cf. *Mitchell* v. *United States*, 977 A.2d 959, 967

Goguen *v.* Commissioner of Correction

(D.C. 2009) ("the [sex offender] registration require-
ment amounts to a collateral consequence of conviction
that is not itself sufficient to render an individual in
custody" under District of Columbia law governing
motions for attacking sentences).[16]

At least one court has held to the contrary. In *Piasecki*
v. *Court of Common Pleas*, 917 F.3d 161 (3rd Cir.), cert.
denied, U.S. , 140 S. Ct. 482, 205 L. Ed. 2d 267
(2019), the United States Court of Appeals for the Third
Circuit concluded that the requirements of Pennsylva-
nia's sex offender registration statute were sufficiently
onerous to constitute custody for purposes of the fed-
eral habeas statute. Id., 172–73. In reaching this conclu-
sion, the court observed that the Pennsylvania statute
required the petitioner to report to state police barracks
at least four times per year for the rest of his life; to

[16] In *Alaska* v. *Wright*, supra, 141 S. Ct. 1467, a case with remarkable
similarities to the present case, the petitioner was convicted of sexual abuse
of a minor under Alaska law. Id. After the petitioner finished serving his
sentence, he moved to Tennessee, where he failed to register as a sex
offender as required by federal law and pleaded guilty to that offense. Id.,
1467–68. During the course of the federal proceeding, he filed a petition for
a writ of habeas corpus in federal court, challenging his Alaska conviction.
Id., 1468. The United States District Court for the District of Alaska rendered
judgment denying the petition, concluding that the petitioner was not in
custody pursuant to a judgment of a state court, as required by the governing
federal habeas statute. Id. The United States Court of Appeals for the Ninth
Circuit reversed the judgment of the District Court on the ground that the
state conviction was the predicate for the federal conviction. Id. The United
States Supreme Court concluded that the Court of Appeals "clearly erred"
under *Maleng v. Cook*, supra, 490 U.S. 492–93, when it concluded that the
petitioner was in custody pursuant to the judgment of the state court because
his sentence on the state conviction had expired. *Alaska* v. *Wright*, supra,
1468. Unlike the petitioner in the present case, the petitioner in *Wright*
apparently made no claim that the fact that he was subject to Alaska's sex
offender registration law rendered him in state custody, and the court did
not directly address that issue. Nevertheless, the case provides indirect
support for the proposition that the fact that an individual is subject to a
state sex offender registration law as a result of a state conviction does not
mean that the individual is in custody pursuant to that conviction when the
sentence has fully expired.

Goguen *v.* Commissioner of Correction

report to state police barracks within three business days of changing his address, including a temporary stay at a different residence; to refrain from using the Internet; and "to personally report to the [s]tate [p]olice if he operated a car, began storing his car in a different location, changed his phone number, or created a new [e-mail] address." Id., 170–71. The court also observed that Pennsylvania courts had concluded that the requirements of the Pennsylvania statute were not remedial but were punitive in nature, and that the courts had "historically treated sex offender registration requirements as part of the judgment of sentence." Id., 175. The court concluded that the statute's "physical compulsion of . . . registration requirements and their direct relation to the judgment of sentence set them apart from consequences that are truly collateral and noncustodial." Id., 176–77.

Even if we were to assume that the Third Circuit Court of Appeals correctly determined in *Piasecki* that individuals who are subject to the Pennsylvania sex offender registration statute are in custody for purposes of the federal habeas statute, we conclude that the Connecticut sex offender registration scheme is clearly distinguishable. Unlike the Pennsylvania statute, the Connecticut statute does not subject individuals to any form of physical compulsion, its requirements are not imposed as part of the sentence, and this court has determined that the statute is regulatory in nature, not punitive. See, e.g., *State* v. *Waterman*, supra, 264 Conn. 489; see also, e.g., *White* v. *LaClair*, Docket No. 19-CV-1283 (MKB), 2021 WL 200857, *6 (E.D.N.Y. January 19, 2021) (distinguishing requirements of Pennsylvania sex offender registration statute at issue in *Piasecki* from requirements of New York statute on grounds that Pennsylvania's requirements were "significantly more restrictive," they had been determined to be punitive in nature

and they were imposed as part of sentence). Thus, we conclude that *Piasecki* has no persuasive force here.

We conclude in the present case, therefore, that, even if the Appellate Court had considered the petitioner's arguments on the merits of his claim that he was in the respondent's custody for purposes of his petition for habeas corpus, those arguments do not demonstrate that the issue is "debatable among jurists of reason; that a court *could* resolve the [issue in a different manner]; or that the [question is] adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616. Thus, the arguments do not demonstrate that the habeas court abused its discretion when it denied the petitioner's petition for certification to appeal.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.