**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA YOLANDA VELTMANN-BARRAGAN, Irma Yolanda Beltran, *Petitioner-Appellant*, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General; JANET A. NAPOLITANO, Secretary of Department of Homeland Security; PAUL PIERRE, District Director, U.S. Citizenship and Immigration Services; PAUL MORRIS, Field Operations Director, U.S. Customs and Border Protection, San Diego, California, *Respondents-Appellees*. | No. 11-56370 <br><br> D.C. No. 3:10-cv-00991-W-WVG <br><br> OPINION |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted
May 7, 2013—Pasadena, California

Filed June 19, 2013

Before:  Richard A. Paez and Sandra S. Ikuta,
Circuit Judges, and David A. Ezra, District Judge.[*]

Opinion by Judge Ikuta

---

**SUMMARY**[**]

---

### Immigration

The panel vacated and dismissed the district court's order denying on the merits Irma Veltmann-Barragan's 28 U.S.C. § 2241 habeas petition challenging her 1999 expedited removal order.

The panel concluded that the district court lacked jurisdiction to hear Veltmann's case, because she ceased to be in custody once her removal was accomplished.  The panel also held that aliens who are removable but not yet subject to a removal order are not "in custody" for purposes of 28 U.S.C. § 2241.

---

[*] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Nicole A. Leon (argued) and Jan Joseph Bejar, San Diego, California, for Petitioner-Appellant.

Samuel W. Bettwy (argued), Assistant United States Attorney, Laura E. Duffy, United States Attorney, Tom Stahl, Assistant United States Attorney, San Diego, California, for Respondents-Appellees.

## OPINION

IKUTA, Circuit Judge:

This case presents the question whether aliens who are removable, but not yet subject to a removal order, are "in custody" for purposes of 28 U.S.C. § 2241. We hold that they are not.

## I

Irma Yolanda Veltmann-Barragan became a lawful permanent resident of the United States on December 15, 1982. In February 1999, border patrol officials stopped her when she was trying to transport aliens across the border at the San Ysidro port of entry. During secondary inspection, she told authorities that her name was Jovita Beltran-Lopez, and stated under oath that she had never possessed any documents entitling her to enter the United States. The government credited Veltmann's statements, and removed her to Mexico pursuant to the expedited removal process. *See* 8 U.S.C. § 1225(b)(1). Had Veltmann disclosed her true identity, she could not have been removed under this

expedited process. *See* 8 U.S.C. § 1225(b)(1)(C); 8 C.F.R. § 1235.3(b)(5)(ii) ("If the claim to lawful permanent resident status is verified, and such status has not been terminated in exclusion, deportation, or removal proceedings, the examining immigration officer shall not order the alien removed pursuant to" § 1225(b)(1)).

Veltmann alleges that she reentered the United States shortly after being removed, this time using her green card and true name. In 2005, Veltmann applied for naturalization.[1] At her naturalization interview Veltmann stated under oath that she had never been removed from the United States. Nevertheless, the government discovered Veltmann's 1999 removal under the assumed name Jovita Beltran-Lopez. On this basis, the government denied her application for naturalization and terminated her lawful permanent resident status. Veltmann did not appeal the denial of her naturalization application or seek judicial review.

Two years later, Veltmann filed a habeas petition pursuant to 28 U.S.C. § 2241 in district court, collaterally attacking the 1999 removal order. The district court held that it had jurisdiction over the habeas petition and denied it on the merits. We have jurisdiction over the district court's final order under 28 U.S.C. § 1291.

---

[1] Veltmann previously applied for naturalization in February 1997, but withdrew her application following a July 1997 arrest, and subsequent conviction, for possession of a stolen vehicle and transportation of marijuana.

## II

We conclude that the district court lacked jurisdiction to hear this case. The statute that authorizes federal courts to grant a writ of habeas corpus, 28 U.S.C. § 2241, in relevant part, gives courts jurisdiction only over habeas petitioners who are "in custody." *Id.* at (c)(1)–(4);[2] *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Supreme Court has defined the phrase "in custody" to include both physical detention and "other restraints on a man's liberty, restraints not shared by

---

[2] 28 U.S.C. § 2241(c) states:

> The writ of habeas corpus shall not extend to a prisoner unless—
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). For example, individuals are "in custody" for purposes of § 2241 if they are "subject to a final order of deportation." *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995).

While Veltmann was at one point subject to the 1999 removal order, she ceased to be "in custody" once her removal to Mexico was accomplished. *See Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001) ("Miranda cannot avail himself of habeas corpus jurisdiction because he has already been removed and therefore is no longer 'in custody.'"); *see also Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc) ("When an alien subject to removal leaves the country, the removal order is deemed to be executed."). She argues, however, that upon her return to the United States she was once again in custody, because the government could have reinstated the removal order at any time. *See* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8.

We disagree. Our case law makes clear that "[r]einstatement of a prior order of removal is not automatic." *Alcala v. Holder*, 563 F.3d 1009, 1013 (9th Cir. 2009). Under the applicable regulations, the government must take various affirmative steps before it can reinstate a removal order. *See* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8. Among other things, the government must: "(1) obtain the prior order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States." *Lin v. Gonzales*, 473 F.3d 979, 983 (9th Cir. 2007) (citing 8 C.F.R. § 241.8). After these requirements are met, the officer must "provide the alien with written notice of his or her determination," and "advise the alien that

he or she may make a written or oral statement contesting the determination."  8 C.F.R. § 241.8(b).

Here, the government never reinstated the 1999 expedited removal order, and so Veltmann has not been subject to that order since her 1999 removal.  Nor is she subject to any other removal order.  Although Veltmann is potentially removable, the government has not yet initiated removal proceedings. Therefore, Veltmann is not in custody for purposes of § 2241. *Cf. Maleng*, 490 U.S. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").[3]

## III

Because Veltmann is not in custody for purposes of § 2241, the district court lacked jurisdiction to consider her habeas petition.  We therefore vacate its order denying Veltmann's petition and dismiss this case.

**VACATED AND DISMISSED.**

---

[3] Veltmann argues that even if she cannot satisfy the "in custody" requirement of § 2241, the district court still had jurisdiction over her petition pursuant to *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996).  In *Singh*, we asserted jurisdiction over the habeas petition of an immigrant removed "in violation of the immigration judge's order and after interference with his right to counsel."  *Id*. at 349.  Because this exception applies only in "extreme circumstances," *Miranda*, 238 F.3d at 1159, and because no such circumstances are present here, the *Singh* exception is not applicable to this case.