**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN WRIGHT,<br>*Petitioner-Appellant*,<br><br>v.<br><br>STATE OF ALASKA,<br>*Respondent-Appellee.* | No. 19-35543<br><br>D.C. No.<br>3:18-cv-00056-JKS<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Argued and Submitted March 24, 2022
Pasadena, California

Filed August 31, 2022

Before: Mary H. Murguia, Chief Judge, and Johnnie B. Rawlinson and Ryan D. Nelson, Circuit Judges.

Opinion by Chief Judge Murguia;
Concurrence by Judge Rawlinson

## SUMMARY[*]

### Habeas Corpus

The panel affirmed the district court's judgment dismissing for lack of subject matter jurisdiction Sean Wright's habeas corpus petition—filed under 28 U.S.C. § 2254 in 2018—challenging his 2009 Alaska conviction on thirteen counts of sexual abuse of a minor.

In 1999, Wright was accused of sexually abusing two young girls, and fled Alaska soon after. The State of Alaska filed an information that same year, but Wright was neither apprehended nor charged by indictment until 2004, when an employment background check in Minnesota alerted Alaskan authorities to Wright's whereabouts, leading to his arrest and extradition. Wright completed his prison sentence and probation in 2016.

Wright challenged the 2009 conviction as a violation of his Sixth Amendment right to a speedy trial because of Alaska's delay in apprehending and indicting him after he fled. Before he filed this habeas petition, Wright was convicted in federal court in Tennessee for failing to register as a sex offender pursuant to its laws.

At issue in this appeal was whether Wright was "in custody pursuant to" the Alaska judgment he challenges when he filed his § 2254 petition; if he wasn't, the federal court lacks jurisdiction over it.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

When Wright first filed his petition, he argued that he was "in custody pursuant to" his Alaska conviction on two theories: (1) because he was serving a five-year term of supervised release by virtue of his Tennessee conviction, which he contended was a consequence of his 2009 Alaska conviction and rendered him in custody; and (2) Wright was subject to Tennessee's sex offender registration requirements, which he maintained were a restraint on his liberty and directly attributable to the Alaska judgment.

The Supreme Court squarely rejected Wright's first theory in *Alaska v. Wright*, 141 S. Ct. 1467 (2021) (per curiam), and Wright's briefing on remand from the Supreme Court acknowledged the Supreme Court's holding that his "subsequent federal conviction and sentence did not constitute 'custody' for purposes of challenging the predicate Alaska sex offense conviction." The panel therefore turned to Wright's second theory.

The panel explained that Wright failed to establish jurisdiction under his restraint-on-liberty theory for reasons similar to the Supreme Court's rejection of his supervised release theory, that is, because Wright does not demonstrate that Tennessee's sex offender registration laws establish custody "pursuant to" the Alaska judgment. The panel noted that Wright in no way argued that he is significantly restrained by the sex offender registration laws of Alaska. The panel wrote that even if Wright's duty to register as a sex offender in Tennessee is in some sense causally related to his Alaska judgment, the nexus is highly attenuated. The panel wrote that Wright's Tennessee conviction and registration requirements are both consequences that would not have arisen without his prior sex offense conviction, and if one is too remote to justify the "pursuant to" requirement, then so too is the other; mere but-for causation is not enough.

Because the connection between the Alaska judgment of conviction and Tennessee and its sex offender registration laws is attenuated, the panel did not consider whether Tennessee's registration requirements are a restraint on his liberty.

Concurring only in the judgment, Judge Rawlinson wrote that because this court is bound by the Supreme Court's determination that Wright was not in custody when he filed his habeas petition under 28 U.S.C. § 2254, she sees no need to reach the same result through a rehash of the procedural ins and outs of this case.

## COUNSEL

Daniel Poulson (argued), Legal Writing and Research Assistant; Rich Curtner, Federal Defender; Office of the Federal Public Defender, Anchorage, Alaska; for Petitioner-Appellant.

Donald Soderstrom (argued) and Timothy W. Terrell, Assistant Attorneys General; Kevin G. Clarkson, Attorney General; Office of Criminal Appeals, Office of the Attorney General, Anchorage, Alaska; for Respondent-Appellee.

**OPINION**

MURGUIA, Chief Circuit Judge:

The facts of this case span a nearly 25-year period. Indeed, this case comes to us a second time, but we are hardly the first to consider its claims. *See Wright v. State*, 347 P.3d 1000 (Alaska Ct. App. 2015) ("*Wright I*"), *rev'd*, 404 P.3d 166 (Alaska 2017) ("*Wright II*"); *United States v. Wright*, No. 1:17-cr-00112-HSM (E.D. Tenn. July 25, 2017) ("*Wright III*"); *Wright v. Alaska*, No. 3:18-CV-00056-JKS, 2019 WL 2453641 (D. Alaska June 12, 2019) ("*Wright IV*"), *rev'd and remanded*, 819 F. App'x 544 (9th Cir. 2020) ("*Wright V*"), *cert. granted, judgment vacated*, 141 S. Ct. 1467 (2021) (per curiam) ("*Alaska v. Wright*").

In 1999, Appellant Sean Wright was accused of sexually abusing two young girls. Wright fled Alaska soon after. The State of Alaska filed an information charging Wright with sexual abuse of a minor that same year, but Wright was neither apprehended nor charged by indictment until 2004, when an employment background check in Minnesota alerted Alaskan authorities to Wright's whereabouts, leading to his arrest and extradition. In 2009, Wright was convicted of thirteen counts of sexual abuse of a minor. In 2016, he completed his prison sentence and probation.

Now before us is Wright's 2018 habeas petition—filed under 28 U.S.C. § 2254—challenging the 2009 Alaska conviction as a violation of his Sixth Amendment right to a speedy trial because of Alaska's delay in apprehending and indicting Wright after he fled. Section 2254 grants federal courts jurisdiction over writs of habeas corpus on behalf of a person "*in custody pursuant to the judgment of a State court* . . . on the ground that he is in custody in violation of" federal law. 28 U.S.C. § 2254(a) (emphasis added). It is

undisputed that Wright alleges a constitutional violation.  At issue here, however, is whether Wright was "in custody pursuant to" the Alaska judgment he challenges when he filed his § 2254 petition.  In other words, if Wright was not "in custody pursuant to" the Alaska judgment, then we lack jurisdiction over his habeas petition.

To demonstrate that he was "in custody pursuant to" the Alaska judgment, either Wright must show that he was serving a term of incarceration or probation pursuant to his Alaska conviction, *see Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam), or Wright must have suffered from "other restraints on . . . [his] liberty, restraints not shared by the public generally" pursuant to his Alaska conviction, *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).  Wright contends that he was "in custody" at the time he filed his § 2254 petition because he was subject to Tennessee's sex offender registration requirements, which implement the federal Sex Offender Registration and Notification Act of 2006 ("SORNA").  SORNA, enacted "to protect the public from sex offenders and offenders against children" by "establish[ing] a comprehensive national system for [their] registration," imposes "more onerous" registration requirements than most states had before its enactment. *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019), *reh'g denied*, 140 S. Ct. 579 (2019).  Wright asserts that Tennessee's registration requirements constitute "custody" because they impose a severe restraint on his liberty.  In fact, before Wright filed this habeas petition, he was convicted in federal court in Tennessee for failing to register as a sex offender pursuant to its laws.  Wright further contends that he is in custody "pursuant to" his Alaska judgment because his obligation to register as a sex offender

in Tennessee is "directly attributable to the Alaska judgment of conviction."

Wright's arguments are unpersuasive. Wright attempts to establish custody "pursuant to" the *Alaska* judgment of conviction based on an attenuated connection to *Tennessee* and its sex offender registration laws. The district court's judgment dismissing the habeas petition for lack of subject matter jurisdiction is therefore affirmed.

## I.

In February 1999, Wright moved out of his home in Alaska after his then-wife told police that he had sexually assaulted two minors. *Wright I*, 347 P.3d at 1003. Wright evaded arrest for approximately five years, living in Arkansas, Mississippi, Alabama, Georgia, Oklahoma, Tennessee, and Minnesota until his arrest in, and extradition from, Minnesota in September 2004. *See id.* at 1004; *Wright II*, 404 P.3d at 168.

In 2009, Wright was convicted in Alaska state court of thirteen counts of sexual abuse of a minor and was thereafter sentenced to twelve years in prison and ten years of supervised probation. *Wright I*, 347 P.3d at 1005. As a result of his conviction, Wright was also required to register as a sex offender for the rest of his life. *Id.*; *see also* Alaska Stat. Ann. § 12.63.020(a)(1)(A) (requiring an individual to register as a sex offender for life when convicted of certain sex offenses). Wright appealed. *Wright I*, 347 P.3d at 1005.

In September 2016, Wright completed his prison sentence and term of probation due to good time credit earned during his incarceration, terminating his physical and probationary custody. *See Maleng*, 490 U.S. at 491 (noting that physical confinement and post-release requirements like

parole establish custody pursuant to § 2254); *see also Fowler v. Sacramento Cnty. Sheriff's Dep't*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (quoting *United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988) ("A probationary term is sufficient custody to confer . . . jurisdiction.")).

Then, in July 2017, Wright was indicted in the United States District Court for the Eastern District of Tennessee on federal charges of failing to register as a sex offender. Wright pleaded guilty in February 2018. *See* Minute Entry for Change of Plea Hearing, *Wright III*, No. 1:17-cr-00112-HSM, ECF Nos. 39–40.

While his federal charges were pending in Tennessee, Wright filed a federal habeas petition under § 2254 in the District of Alaska, challenging his 2009 Alaska convictions on the ground that the state's delay in prosecuting him after he fled violated his Sixth Amendment right to a speedy trial.

In March 2019, the Eastern District of Tennessee sentenced Wright to time served and five years of supervised release on his federal failure-to-register conviction.

The Alaska district court subsequently dismissed Wright's habeas petition for failure to satisfy the "in custody" requirement of § 2254(a). The court reasoned that, even assuming Wright could be considered "in custody" because of the supervised release imposed as part of the Tennessee conviction, *see United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002) (holding that a defendant who has "not served his term of supervised release" is "in custody" for purposes of federal habeas jurisdiction), the proper procedure for Wright to challenge his federal custody would be a motion filed in federal court in Tennessee pursuant to 28 U.S.C. § 2255 (which allows

motions by those in custody pursuant to a federal court judgment), *see* 28 U.S.C. § 2254(a) (mandating that a petitioner seeking relief under § 2254 must be not only "in custody" but also in custody "pursuant to the judgment of a State court"). Wright timely appealed.

We reversed the district court. Because Wright's § 2254 petition collaterally attacked the constitutionality of his predicate Alaska conviction for sexual abuse of a minor, not his federal conviction for failing to register as a sex offender in Tennessee, we did not address the proposition that Wright should seek relief under § 2255. *See Wright V*, 819 F. App'x at 546 n.1. We also noted that the district court did not provide any detailed analysis of this alternative ruling and it did not appear that the parties focused on this issue in the district court. *See id.* We instead held that Wright was "in custody" pursuant to the Alaska judgment under § 2254(a) because his Tennessee conviction for failure to register was "positively and demonstrably related to the [Alaska] conviction he attack[ed]." *Id.* at 545 (quoting *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001)).

The Supreme Court granted certiorari and reversed, holding that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.'" *Alaska v. Wright*, 141 S. Ct. at 1468 (emphasis added) (quoting *Maleng*, 490 U.S. at 492). Recall that Wright completed his term of imprisonment and probation for the Alaska conviction in 2016. Wright was convicted for failure to register as a sex offender in 2018. In *Wright V*, we interpreted this Circuit's precedent to suggest that a petitioner convicted for failing to register as a sex offender

is also "in custody pursuant to" the judgment that imposed the registration requirement. 819 F. App'x at 545–46. But in *Alaska v. Wright*, the Supreme Court clarified that "[i]t ma[kes] no difference . . . that the possibility of a prior-conviction enhancement ha[s] materialized for the habeas petitioner . . . . 'When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated . . . .'" *Id.* (quoting *Maleng*, 490 U.S. at 492–93).

Applying this reasoning to Wright's case, the Supreme Court held, "[t]hat Wright's state conviction served as a predicate for his federal conviction thus did not render him 'in custody pursuant to the judgment of a State court' under § 2254(a)":

> If Wright's second conviction had been for a state crime, he independently could have satisfied § 2254(a)'s "in custody" requirement, *see Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401–402 (2001), though his ability to attack the first conviction by that means would have been limited, *see id.* at 402–404.[1] Wright could not satisfy § 2254(a) on that independent basis for the simple reason that

---

[1] As the Supreme Court noted, the *Lackawanna* exception does not apply to Wright's case. *See Alaska v. Wright*, 141 S. Ct. at 1468. *Lackawanna* held that a petitioner may satisfy § 2254(a)'s "in custody" requirement if the challenged expired conviction was used to enhance a state sentence that the petitioner is currently serving, *and* the initial conviction involved a Sixth Amendment failure to appoint counsel. *Lackawanna Cnty. Dist. Att'y*, 532 U.S. at 404.

> his second judgment was entered by a federal
> court.

*Id.* Therefore, the Supreme Court remanded the case to this Court to consider its new guidance and expressed no view on "the other theories Wright advanced before the District Court for meeting the requirements of § 2254(a)"—i.e., that his sex offender registration requirements are a restraint on his liberty. *Id.* at 1468–69.

## II.

We review de novo a district court's dismissal of a habeas petition under 28 U.S.C. § 2254 on the basis that a petitioner was not "in custody." *Pizzuto v. Yordy*, 947 F.3d 510, 523 (9th Cir. 2019) (citing *Frantz v. Hazey*, 533 F.3d 724, 735–37 (9th Cir. 2008) (en banc)).

## III.

Section 2254 states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91. As we explained in *Dominguez v.*

*Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018), there must be a nexus between "the judgment of a State court" the petitioner is challenging and the "custody" upon which the petitioner relies to establish jurisdiction. Put differently, the challenged judgment must be "the source of the petitioner's custody." *Id.* (quoting *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc)). Accordingly, to challenge his Alaska conviction under § 2254, Wright must demonstrate that (1) he was "in custody" at the time he filed his § 2254 petition, and (2) that custody was "pursuant to" the Alaska judgment.

When Wright first filed his petition, he argued that he was "in custody pursuant to" his Alaska conviction on two theories: (1) because he was serving a five-year term of supervised release by virtue of his Tennessee conviction, which he contended was a consequence of his 2009 Alaska conviction and rendered him in custody, *see Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (holding that supervised release may establish custody under § 2254(a)), and (2) Wright was subject to Tennessee's sex offender registration requirements, which he maintained were a restraint on his liberty and directly attributable to the Alaska judgment, *see Jones*, 371 U.S. at 240; *Veltmann-Barragan*, 717 F.3d at 1088.

The Supreme Court squarely rejected Wright's first theory in *Alaska v. Wright*, 141 S. Ct. at 1468. Indeed, Wright's briefing on remand acknowledges the Supreme Court's holding that his "subsequent federal conviction and sentence did not constitute 'custody' for purposes of challenging the predicate Alaska sex offense conviction." Accordingly, we turn to Wright's second theory.

Wright fails to establish jurisdiction under his restraint-on-liberty theory for reasons similar to the Supreme Court's rejection of his supervised release theory, that is, because Wright does not demonstrate that Tennessee's sex offender registration laws establish custody "pursuant to" the Alaska judgment.

Significant restraints on liberty establishing custody "rely heavily on the notion of a physical sense of liberty—that is, whether the legal disability in question *somehow limits the putative habeas petitioner's movement*." *Williamson v. Gregoire*, 151 F.3d 1180, 1181, 1183 (9th Cir. 1998) (emphasis added). Wright argues that he is "in custody" because his Alaska conviction requires that he "register as a sex offender for life," and Tennessee's sex offender registration requirements are a substantial restraint on his liberty. But Wright asks us to consider whether Tennessee's registration requirements are a restraint on his liberty even after acknowledging the Supreme Court's holding that his Tennessee conviction and sentence for failing to register did not constitute "custody pursuant to" his Alaska conviction. We decline to do so.

First, it bears mentioning that Wright in no way argues that he is significantly restrained by the sex offender registration laws of Alaska. When Wright filed this habeas petition, he was living in Tennessee; in fact, his briefing lists *only* Tennessee's post-SORNA registration requirements when detailing the purported restraints on his liberty. He does not argue that Alaska's implementation of SORNA is similarly restraining. Nor could he, as he does not reside in

Alaska and apparently has not since completing his term of imprisonment and probation in 2016.**²**

Second, even if Wright's duty to register as a sex offender in Tennessee is in some sense causally related to his Alaska judgment, the nexus is highly attenuated, and Wright fails to explain why we should conclude that Tennessee's registration requirements are imposed "pursuant to" his Alaska judgment. *See Dominguez*, 906 F.3d at 1136. In contending otherwise, Wright argues that "[t]he burdens [he] faces are . . . *directly attributable* to the Alaska judgment of conviction." We disagree. In *Alaska v. Wright*, the Supreme Court held that Wright's federal conviction and sentence to five years' supervised release for failing to register as a sex offender in Tennessee did not render him "in custody pursuant to the judgment of a State court" because of its connection to his predicate Alaska conviction. 141 S. Ct. at 1468. The Court instead reasoned that Wright's supervised release was imposed "pursuant to" his subsequent Tennessee conviction, *not* the Alaska judgment of conviction. *See id.* at 1468. The same can be said here. The nexus between the Alaska judgment and Wright's duty

---

**²** Wright does state at one point that he is "subject to the sex offender registration requirements of Tennessee and every SORNA-compliant state" pursuant to his Alaska conviction. But Wright fails to explain the breadth of the term "SORNA-compliant state": some states, like Tennessee, have substantially adopted SORNA, while others, like Alaska, have adopted certain aspects of SORNA. *See generally* Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking: Sex Offender Registration and Notification Act (SORNA) State and Territory Implementation Progress Check (Sept. 30, 2020), https://smart.ojp.gov/sites/g/files/xyckuh231/files/media/document/sorna-progress-check.pdf. And because Wright only details his current restrictions under Tennessee's registration laws, this bare assertion, without more, does not affect our ultimate conclusion that Wright seeks to establish custody based on Tennessee's registration requirements.

to register in Tennessee is no more direct than the nexus between the Alaska judgment and Wright's supervised release, which was imposed *because of* his failure to register in Tennessee. Wright's Tennessee conviction and registration requirements are both consequences that would not have arisen without his prior sex offense conviction, and if one is too remote to satisfy the "pursuant to" requirement, then so too is the other.

Wright points out correctly that his obligation to register as a sex offender in Tennessee was in some sense attributable to the Alaska judgment, because but for the 2009 Alaska convictions, he would not have been subject to Tennessee's registration requirements. But mere but-for causation is not enough to establish custody "pursuant to" a state court judgment. In *Maleng*, 490 U.S. 488, petitioner Mark Edwin Cook was first convicted of robbery in 1958 in Washington state court. *Id.* at 489. He was convicted of several subsequent crimes in 1976, again in Washington state court. *Id.* During Cook's 1978 sentencing, the court imposed a sentencing enhancement based upon the prior 1958 conviction. *Id.* at 490. Cook filed a § 2254 petition, seeking to challenge his 1958 conviction, but the Supreme Court rejected the petition on the ground that Cook was in custody pursuant to the second conviction rather than the first. *Id.* at 489–93. Accordingly, in *Maleng*, the petitioner would not have been subject to a state sentencing enhancement in 1978 but for his prior 1958 conviction. But the Supreme Court nevertheless held that the enhanced sentence was imposed pursuant to the 1976 conviction, not the 1958 conviction. *Id.* at 492–93. For similar reasons, the fact that Wright's duty to register in Tennessee can be linked back to his Alaska conviction does not render him in custody pursuant to the judgment of a state court under § 2254(a). *See Alaska v. Wright*, 141 S. Ct. at 1468 ("That Wright's state conviction

served as a predicate for his federal conviction thus did not render him 'in custody pursuant to the judgment of a State court' under § 2254(a).").   We therefore lack jurisdiction over this petition.

## IV.

Translated from Latin, habeas corpus means "show me the body."   The heart of habeas, as it pertains to judicial review, requires a custodian to produce an individual under its custody or control.   *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").   But in this case, Wright does not argue that Alaska has custody or control over him.[3]

Wright attempts to establish custody "pursuant to" the *Alaska* judgment of conviction based on an attenuated connection to *Tennessee* and its sex offender registration laws.   Consequently, we do not consider whether Tennessee's registration requirements are a restraint on his liberty.   And because Wright does not argue that Alaska's registration requirements are a restraint on his liberty, we decline to consider them as well.

The district court was without jurisdiction to consider the merits of Wright's Sixth Amendment speedy trial claim, so its judgment dismissing the instant habeas petition is

**AFFIRMED.**

---

[3] Nor is this a case in which, although Alaska does not yet have custody of Wright, it has filed a detainer for future custody of him, as occurred in *Maleng*.   490 U.S. at 493.

RAWLINSON, Circuit Judge, concurring in the judgment:

I agree with the majority that Appellant Sean Wright (Wright) was not in custody when he filed his habeas petition under 28 U.S.C. § 2254. We now know that Wright was not in custody because the United States Supreme Court told us so. *See Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) ("That Wright's state conviction served as a predicate for his federal conviction thus did not render him 'in custody pursuant to the judgment of a State court' under § 2254(a)."). Because we are bound by this Supreme Court determination, I see no need to reach the same result through a rehash of the procedural ins and outs of this case. Therefore, I respectfully concur only in the judgment.